UNITED STATES of America, Plaintiff,

v.

VANGUARD CORPORATION, Defendant.

No. 85 C 0244.

United States District Court, E.D. New York.

Dec. 8, 1988.

---

Andrew J. Maloney, U.S. Atty. (Joseph D. McCann, Asst. U.S. Atty. and Randye B. Stein, Asst. Regional Counsel, U.S. Environmental Protection Agency, of counsel) Brooklyn, N.Y., for plaintiff.

Horowitz & Jacobs (Donald Horowitz, of counsel), New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under Section 113(b) of the Clean Air Act (the Act), as amended, 42 U.S.C. § 7413(b) (1982). The complaint alleges that defendant, a manufacturer of metal furniture, violated the New York State Clean Air Act Implementation Plan (the State Implementation Plan), promulgated pursuant to Section 110 of the Act, 42 U.S.C. § 7410, by using furniture paints or coatings which contain more than three pounds of organic solvent per gallon of coating at application. Plaintiff now moves for partial summary judgment on the issue of defendant's liability for its alleged violations of the Act.

### I.

The parties' submissions reveal the following uncontested critical facts. On July 24, 1984 defendant began operating a metal furniture manufacturing plant in Brooklyn, New York. The plant is located in an area designated by the United States Environmental Protection Agency as the "New Jersey–New York–Connecticut Interstate Air Quality Control Area," an area which has not attained the national ambient air quality standards established by the agency for the pollutant ozone. See 40 C.F.R. §§ 81.-13 and 81.333. The plant is a major stationary source of volatile organic compounds, having the potential to emit more than 100 tons of such compounds annually. Beginning on July 24, 1984 and for 368.5 business days thereafter defendant operated a metal furniture coating line in which it used paint that contained more than three pounds of organic solvent (minus water) per gallon of coating at application.

Prior to July 24, the Environmental Protection Agency notified defendant that the facility which it intended to purchase and operate was not in compliance with the State Implementation Plan. On August 24, 1984, the agency issued to defendant a Notice of Violation for defendant's alleged violations of the State Implementation Plan. Defendant received the notice on August 29, 1984.

Defendant asserts that it used its best good faith efforts to comply with the Act but that full compliance was technologically and economically infeasible. Defendant also claims that it relied on "an oral agreement in principle" between it and the Environmental Protection Agency to allow it eighteen months from the date it com-

menced operation to bring the plant into compliance.

## II.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Although on summary judgment "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed. 2d 538 (1986), that party may not rely on mere allegations or denials, but "must set forth specific facts" to show a genuine issue. Fed.R.Civ.P. 56(e). However, the existence of factual issues not material to the claims is not sufficient to defeat a motion for summary judgment. *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 11–12 (2d Cir.1986). In addition, summary judgment "may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Fed.R.Civ.P. 56(c).

■ In order to establish defendant's liability under § 113(b) of the Act, plaintiff must prove that (1) defendant violated a requirement of an applicable state implementation plan and (2) defendant's violation extended for more than 30 days after the Environmental Protection Agency notified defendant of its violation. *See* 42 U.S.C. § 7413(b) (1982).

Part 228 of the New York State Implementation Plan restricts emissions of volatile organic compounds from metal furniture coating lines located in a nonattainment area. The plan limits the amount of organic solvents permitted in metal furniture coatings to three pounds of such solvents (minus water) per gallon of coating at time of application. *See* N.Y.Comp. Codes R. & Regs., tit. 6, § 228 (1983). The undisputed facts show that defendant violated Part 228 of the State Implementation Plan by using metal furniture coatings containing more than three pounds of organic solvent per gallon, and that defendant's

violation began on July 24, 1984 and lasted for 368.5 business days—far longer than the 30 days after notice required under the Act.

Defendant argues that it used its best good faith efforts to comply with the Act and that such compliance was technologically and economically infeasible. Defendant has failed to show that it could not comply with the Act. Indeed at oral argument counsel for defendant conceded that some of its competitors had complied.

■ In any event, claims of infeasibility and good faith efforts, which may be relevant to the calculation of penalties under the Act, *see* 42 U.S.C. § 7413(b), are not a defense to non-compliance. *See, e.g. United States v. Ford Motor Co.*, 814 F.2d 1099, 1103–1104 (6th Cir), *cert. denied*, —— U.S. ——, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). The statute requires that state implementation plans be enforced in spite of arguments of technological and economic infeasibility. *See Union Electric Co. v. Environmental Protection Agency*, 427 U.S. 246, 256–59, 96 S.Ct. 2518, 2525–26, 49 L.Ed.2d 474 (1976).

■ Even viewing the facts in the light most favorable to defendant, the court cannot find that there was an agreement between the parties excusing defendant's non-compliance. Although the evidence suggests that the parties conducted negotiations over a potential consent decree, no such agreement was ever reached. In any event plaintiff is not equitably estopped from enforcing the Act whose purpose is to protect the public.

The undisputed facts show that defendant violated Section 113(b) of the Act.

Plaintiff's motion for partial summary judgment is granted.

So ordered.